# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

MIGUEL MEJIA LOPEZ
c/o 519 H Street NW
Washington, DC 20001

JOHANNA MEJIA VIDES
c/o 519 H Street NW
Washington, DC 20001

CARLOS UMBERTO CRUZ
c/o 519 H Street NW
Washington, DC 20001

 Plaintiffs,

v.

RUDRAKALASH, LLC
d/b/a MASALA ART
1101 4th Street SW, Unit 120
Washington, DC 20024

RUDRAAKSH, LLC
d/b/a MASALA ART
4441 Wisconsin Avenue NW
Washington, DC 20016

ATUL BHOLA
14310 Kings Crossing Blvd
Boyds, MD 20841

RASHMI BHOLA
14310 Kings Crossing Blvd
Boyds, MD 20841

 Defendants.

Civil Action No. _____

**COMPLAINT**

## COMPLAINT

1. Plaintiffs worked at Defendants' restaurants as kitchen hands. Defendants paid Plaintiffs hourly rates below the federal and D.C. minimum wages — and they paid Plaintiffs nothing for their overtime hours. Moreover, Defendants did not pay Plaintiffs extra compensation for working "split shifts," and they did not provide Plaintiffs with paid safe and sick leave.

2. Plaintiffs bring this action to recover damages for Defendants' willful failure to pay regular wages, minimum wages, overtime wages, and safe and sick leave, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; and the District of Columbia Accrued Safe and Sick Leave Act ("ASSLA"), D.C. Code § 32-131.01 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. § 1332 (diversity jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### Parties

5. Plaintiff Miguel Mejia Lopez is an adult resident of the District of Columbia.

6. Plaintiff Johanna Mejia Vides is an adult resident of the District of Columbia.

7. Plaintiff Carlos Umberto Cruz is an adult resident of the District of Columbia.

8. Defendant Rudrakalash, LLC is a District of Columbia limited liability company. It does business as Masala Art. Its principal place of business is located at 1101 4th Street SW, Unit 120,

Washington, DC 20024 ("Masala Art Waterfront"). Its registered agent for service of process is Ajay Ramola, 355 Eye Street SW, Unit S618, Washington, DC 20024.

9.  Defendant Rudraaksh, LLC is a District of Columbia limited liability company. It does business as Masala Art. Its principal place of business is located at 4441 Wisconsin Avenue NW, Washington, DC 20016 ("Masala Art Tenleytown"). Its registered agent for service of process is Surinder Kumar, 3429 Yuma Street NW, Apt. 102, Washington, DC 20008.

10. Defendant Atul Bhola is an adult resident of Maryland. He resides at 14310 Kings Crossing Blvd., Boyds, MD 20841. He is an owner and officer of Defendant Rudrakalash, LLC and Rudraaksh, LLC. He exercises control over the operations of Rudrakalash, LLC and Rudraaksh, LLC — including their pay practices.

11. Defendant Rashmi Bhola is an adult resident of Maryland. She resides at 14310 Kings Crossing Blvd., Boyds, MD 20841. She is an officer of Defendant Rudrakalash, LLC and Rudraaksh, LLC. She exercises control over the operations of Rudrakalash, LLC and Rudraaksh, LLC — including their pay practices.

12. Upon information and belief, Atul Bhola and Rashmi Bhola are married.

13. Upon information and belief, Atul Bhola and Rashmi Bhola are the only members of Defendants Rudrakalash, LLC and Rudraaksh, LLC.

## Factual Allegations Specific to Plaintiff Mejia Lopez

14. Plaintiff Mejia Lopez worked at Masala Art from approximately 2009 through approximately October 28, 2019.

15. At all relevant times, Plaintiff Mejia Lopez worked at the Masala Art Waterfront.

16. Plaintiff Mejia Lopez worked at Masala Art as a kitchen hand and food runner.

17. Plaintiff Mejia Lopez's job duties at Masala Art primarily consisted of cutting vegetables, creating salad dressings, preparing salads, running food, cleaning his work station, and routine maintenance.

18. At all relevant times, Plaintiff Mejia Lopez had his own work station in the kitchen that he used to cut vegetables, prepare salads, and prepare dressings.

19. At all relevant times, Plaintiff Mejia Lopez typically and customarily worked six days per week.

20. In 2017, Plaintiff Mejia Lopez typically and customarily worked both the lunch and the dinner shifts every day of work.

21. In 2017, Plaintiff Mejia Lopez typically and customarily worked sixty to sixty-four hours per week.

22. From January 2018 through approximately August 25, 2019, Plaintiff Mejia Lopez typically and customarily worked both the lunch and the dinner shifts on weekdays, and only the dinner shift on weekends.

23. From January 2018 through approximately August 25, 2019, Plaintiff Mejia Lopez typically and customarily worked fifty to fifty-four hours per week.

24. Starting on approximately August 25, 2019, Plaintiff Mejia Lopez typically and customarily worked only the dinner shift on weekdays and weekends.

25. Starting on approximately August 25, 2019, Plaintiff Mejia Lopez typically and customarily worked thirty-five hours per week.

26. At all relevant times, Defendants paid Plaintiff Mejia Lopez an hourly rate of $5.00 and allowed him to earn tips.

27. However, Defendants only paid Plaintiff Mejia Lopez an hourly wage of $5.00 for his first forty hours of work in a workweek.

28. Defendants did not pay Plaintiff Mejia Lopez wages for any hours worked after the first forty in a workweek.

29. Defendants paid Plaintiff Mejia Lopez an hourly rate below the federal and the D.C. minimum wage.

30. Defendants did not pay Plaintiff Mejia Lopez overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

31. Moreover, whenever Plaintiff Mejia Lopez worked both lunch and dinner shifts during a weekday, Defendants required him to take a two-hour lunch break.

32. However, Defendants never paid Plaintiff Mejia Lopez for one additional hour at the applicable minimum wage for each day he worked a "split shift." *See* 7 DCMR §§ 906.1, 999.2.

33. Defendants owe Plaintiff Mejia Lopez one hour of compensation at the D.C. minimum wage for each day he worked a "split shift."

34. For Plaintiff Mejia Lopez's work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff Mejia Lopez approximately $93,611.00 in regular, minimum, and overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Mejia Vides**

35. Plaintiff Mejia Vides worked at Masala Art from approximately February 9, 2018 through approximately March 15, 2019.

36. Plaintiff Mejia Vides worked at the Masala Art Waterfront from approximately February 9, 2018 through approximately August 31, 2018. She was transferred to the Masala Art Tenleytown on approximately September 1, 2018.

37. Plaintiff Mejia Vides worked at Masala Art as a kitchen hand.

38. Plaintiff Mejia Vides's job duties at Masala Art primarily consisted of bussing tables, bar backing, and washing dishes.

39. Plaintiff Mejia Vides typically and customarily worked six to seven days per week.

40. Plaintiff Mejia Vides typically and customarily worked sixty hours per week.

41. At all relevant times, Defendants paid Plaintiff Mejia Vides an hourly rate of $5.00 and allowed him to earn tips.

42. However, Defendants only paid Plaintiff Mejia Vides an hourly wage for her first forty hours of work in a workweek.

43. Defendants did not pay Plaintiff Mejia Vides wages for any hours worked after the first forty in a workweek.

44. Defendants paid Plaintiff Mejia Vides an hourly rate below the federal and the D.C. minimum wage.

45. Defendants did not pay Plaintiff Mejia Vides overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

46. Moreover, whenever Plaintiff Mejia Vides worked both lunch and dinner shifts during a weekday, Defendants required her to take a two-hour lunch break.

47. However, Defendants never paid Plaintiff Mejia Vides for one additional hour at the applicable minimum wage for each day she worked a "split shift." *See* 7 DCMR §§ 906.1, 999.2.

48. Defendants owe Plaintiff Mejia Vides the minimum wage for each hour she worked a "split shift."

49. Defendants owe Plaintiff Mejia Vides approximately $43,620.00 in regular, minimum, and overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Umberto Cruz**

50. Plaintiff Umberto Cruz worked at Masala Art from approximately January 14, 2019 through approximately November 17, 2019.

51. At all relevant times, Plaintiff Umberto Cruz worked at the Masala Art Waterfront.

52. Plaintiff Umberto Cruz worked at Masala Art as a kitchen hand.

53. Plaintiff Umberto Cruz's job duties at Masala Art primarily consisted of washing dishes and occasionally preparing food.

54. Plaintiff Umberto Cruz typically and customarily worked six days per week.

55. Plaintiff Umberto Cruz typically and customarily worked thirty-seven and a half hours per week.

56. At all relevant times, Defendants paid Plaintiff Umberto Cruz by the hour.

57. Defendants paid Plaintiff Umberto Cruz approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Jan. 14, 2019–Jun. 30, 2019 | $13.50 |
| Jul. 01, 2019–Nov. 17, 2019 | $14.00 |

58. At all relevant times, Defendants paid Plaintiff Umberto Cruz by check.

59. Defendants did not pay Plaintiff Umberto Cruz his regular promised wage for some of his time worked.

60. Defendant also never paid Plaintiff Umberto Cruz for one additional hour at the applicable minimum wage for each day he worked a "split shift." *See* 7 DCMR §§ 906.1, 999.2.

61. Defendants owe Plaintiff Umberto Cruz one hour of compensation at the D.C. minimum wage for each day he worked a "split shift."

62. Defendants owe Plaintiff Umberto Cruz approximately $2,114.00 in wages (excluding liquidated damages).

**Factual Allegations Specific to Safe and Sick Leave**

63.     At all relevant times, Defendants were required to provide Plaintiffs with paid safe and sick leave, as required by the ASSLA. D.C. Code § 32-131.02.

64.     The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

65.     At all relevant times, Defendants should have provided each Plaintiff with at least one hour of paid safe and sick leave for every eighty-seven hours worked.

66.     Defendants should have provided Plaintiffs with the following amounts of paid leave:

| Year | Mejia Lopez | Mejia Vides | Umberto Cruz |
|---|---|---|---|
| 2017 | 24 Hours |  |  |
| 2018 | 24 Hours | 24 Hours |  |
| 2019 | 24 Hours | 8 Hours | 20 Hours |

67.     Plaintiffs lost wages because they were sick.

68.     For Defendants' failure to provide paid leave, Defendants owe Plaintiff Mejia Lopez approximately $954.00 in lost wages and compensatory damages.

69.     For Defendants' failure to provide paid leave, Defendants owe Plaintiff Mejia Vides approximately $430.00 in lost wages and compensatory damages.

70.     For Defendants' failure to provide paid leave, Defendants owe Plaintiff Umberto Cruz approximately $280.00 in lost wages and compensatory damages.

71. Defendants also owe Plaintiffs $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether they took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

72. Defendants owe Plaintiff Mejia Lopez $4,500.00 ($500.00 × 9 days) of additional damages.

73. Defendants owe Plaintiff Mejia Vides $2,000.00 ($500.00 × 4 days) of additional damages.

74. Defendants owe Plaintiff Umberto Cruz $1,250.00 ($500.00 × 2.5 days) of additional damages.

## Factual Allegations Regarding Defendants

75. Defendants Atul Bhola and Rashmi Bhola have hired, or have participated in the decision to hire, employees at the Masala Art restaurants.

76. Upon information and belief, Defendants Atul Bhola and Rashmi Bhola hired, or participated in the decision to hire, Plaintiffs.

77. Defendants Atul Bhola and Rashmi Bhola have fired, or have participated in the decision to fire, employees at the Masala Art restaurants.

78. Defendants Atul Bhola and Rashmi Bhola set, or participate in the decision to set, the hours of operations for each Masala Art restaurant.

79. Defendants Atul Bhola and Rashmi Bhola set, or played a part in setting, Plaintiffs' work schedule.

80. Defendants Atul Bhola and Rashmi Bhola set Plaintiffs' hourly rate.

81. Upon information and belief, either Defendant Atul Bhola or Rashmi Bhola signed Plaintiffs' paychecks.

82. To the extent Plaintiffs received tips in cash, Defendant Rashmi Bhola typically prepared the cash payments for the employees of both Masala Art restaurants.

83. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

84. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

85. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

86. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

87. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage for each hour they worked.

88. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

89. At all relevant times, Defendants were aware that they were legally required to provide Plaintiffs with paid safe and sick leave.

90. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

91. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

92. At all relevant times, Defendants had employees who handled food products, such as chicken, rice, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

93. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

94. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

95. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

96. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

97. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

98. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the required minimum wage.

99. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of forty hours in any one workweek.

100. Defendants' violations of the FLSA were willful.

101. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY REGULAR, MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

102. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

103. Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

104. The DCMWA requires that employers pay non-exempt employees at least $11.50 per hour from July 1, 2016 through June 30, 2017, $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2018, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

105. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

106. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

107. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

108. Defendants violated the DCMWA by knowingly failing to pay Plaintiffs one additional hour at the applicable minimum wage for days when Plaintiffs worked a split shift.

109. Defendants' violations of the DCMWA were willful.

110. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid regular, minimum, and overtime wages, an amount equal to three times the unpaid regular, minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

111. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

112.   Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

113.   The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

114.   The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

115.   For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

116.   Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including regular, minimum, and overtime wages.

117.   Defendants' violations of the DCWPCL were willful.

118.   For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

## COUNT IV
## FAILURE TO PROVIDE SICK LEAVE UNDER THE ASSLA

119.   Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

120.   Each defendant was an "employer" of Plaintiffs within the meaning of the ASSLA. D.C. Code § 32-131.01.

121.	The ASSLA requires the following amounts of paid leave:

| Size of Employer | Provision of Paid Leave | Maximum Provision Per Calendar Year |
|---|---|---|
| 100 or more employees | 1 hour for every 37 hours worked | 7 days |
| 25 to 99 employees | 1 hour for every 43 hours worked | 5 days |
| 24 or fewer employees | 1 hour for every 87 hours worked | 3 days |

D.C. Code § 32-131.02(a).

122.	Defendants violated the ASSLA by not providing Plaintiffs the required paid leave.

123.	For Defendants' violations of the ASSLA, Defendants owe Plaintiffs $500.00 of "additional damages" for each accrued day of leave denied, regardless of whether Plaintiffs took unpaid leave or reported to work on that day. D.C. Code § 32-131.12(b).

124.	For Defendants' violations of the ASSLA, Defendants are liable for back pay for lost wages, compensatory damages, punitive damages, Plaintiffs' court costs, reasonable attorney's fees and expenses, and any other relief deemed appropriate by the Court. D.C. Code § 32-131.12(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$575,182.60** and grant the following relief:

    a.	Award Plaintiffs $557,380.00, consisting of the following overlapping elements:

        i.	unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.	unpaid regular, D.C. minimum, and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii.      unpaid regular, D.C. minimum, and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiffs $9,414.00, consisting of the following:

      i.      $1,664.00 in lost wages and compensatory damages for denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.02(e);

      ii.      $7,750.00 in additional damages for each day of denied paid leave, pursuant to the ASSLA, D.C. Code § 32-131.12(b);

c.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

d.      Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $7,988.60);

e.      Award Plaintiffs court costs (currently, $400.00); and

f.      Award any additional relief the Court deems just.

Date: January 14, 2020                                Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*